STATE *v.* BROOKS.

## STATE OF NORTH CAROLINA v. CHARLES BROOKS.

(Filed 10 July 1968.)

**1. Criminal Law § 88;    Constitutional Law § 33—**

In a prosecution for driving under the influence of intoxicating liquor, questions asked defendant on cross-examination about his consumption of beer *are held* proper, since defendant had testified on direct examination that he had consumed one beer, and since he had waived his privilege against self-incrimination by becoming a witness.

**2. Criminal Law § 89;    Automobiles § 126—**

In a prosecution for driving under the influence of intoxicants, a question asked on cross-examination of a defense witness who was with defendant on the occasion in question as to whether the witness was "stoned" at that time *is held* not impertinent, insulting or prejudicial to defendant, one meaning of the word "stone" being to make numb or insensitive, as from drinks or narcotics, and the sobriety of the witness being a proper subject of cross-examination.

**3. Criminal Law § 130;    Jury § 5—**

A motion for a mistrial on the ground that a juror who had been a probation officer of a domestic relations court had misrepresented himself in questioning by defense counsel as having no past or present connection with law enforcement is addressed to the discretion of the trial judge, and no abuse of discretion is shown in the denial of such motion where it is not clear whether the question propounded by defendant's counsel may have related only to the juror's present connection with law enforcement, and since service as a probation officer would not of itself make a juror incompetent.

APPEAL by defendant from *Thornburg, S.J.,* 15 January 1968 Session of Superior Court of GASTON County.

Defendant was tried on three different warrants, one charging him with failing to stop for a blue light and siren of a police officer's car on 25 October 1967, one charging him with operating a motor vehicle on the public highways while under the influence of intoxicating liquor on 26 October 1967, and one with operating a motor vehicle on the public highways at a speed of 70 miles per hour in a 55 mile per hour zone on 25 October 1967. The cases were consolidated in Superior Court for trial. Trial was by jury upon a plea of not guilty. The verdict of the jury was guilty in all the three cases.

From a judgment of imprisonment imposed in each case, the defendant appeals to the Court of Appeals.

*Attorney General Thomas Wade Bruton, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen, for the State.*

*Jeffrey M. Guller for the defendant.*

STATE *v.* BROOKS.

MALLARD, C.J.  Defendant's assignments of error numbered 1, 2, and 3 relate to questions about his consumption of beer which were asked the defendant on cross examination by the solicitor.

One of the charges against the defendant was driving while under the influence of intoxicating liquor. The State's evidence as to this tended to show that the defendant was driving an automobile on a public highway while under the influence of intoxicating liquor. The defendant testified on direct examination that he had consumed one can of beer. The questions asked did not assume any facts not in evidence. By becoming a witness, the defendant waived his privilege against self-incrimination, and it was proper to ask him questions concerning the offense charged as well as questions designed to discredit him as a witness. Stansbury, N. C. Evidence 2d, § 56, p. 115.

Assignment of error number 4 relates to a question asked defendant's witness on cross examination concerning the amount of alcoholic beverages he had consumed on the occasion under investigation. This assignment is overruled. The specific question asked was, "You were kinda stoned on the occasion weren't you?" The witness replied, "What do you mean stoned?" The solicitor then asked, "You had consumed a sufficient quantity of alcoholic beverages to where your mental and physical faculties were numb hadn't you?" To this the witness replied, "No, not that much I don't think. I had taken a drink of whiskey before I left home." The word "stoned" was apparently not understood by the witness. However, in Webster's Third New International Dictionary (1968) the word "stoned" is the past tense of "stone," and one of the meanings of the verb "stone" is "to make numb or insensible (as from drinks or narcotics)."

The sobriety of this witness Lail was a proper subject of inquiry on cross examination. The State's evidence tended to show that Mr. Lail was with the defendant at the time the defendant was arrested, and that Mr. Lail was also arrested for public drunkenness. The question was not impertinent, insulting, or prejudicial as defendant contends.

Defendant also contends that the Court committed error in denying his motion for a mistrial. The record reveals that the following occurred with respect to the defendant's motion for a mistrial:

"MR. GULLER: Your Honor, I would like to move for a mistrial on the grounds that one of the jurors misrepresented himself in the answer to one of my questions — more specifically, when I asked the members of the jury whether or not any of them were associated at this time with law enforcement or had been associated with law enforcement previously, one juror raised his hand and said he had been a police officer (Mr.

Floyd C. Martin). It has now come to my attention that Mr. Thomas Rankin has been connected with the Domestic Relations Court as a probation officer.

THE COURT: Motion is denied.

MR. GULLER: Your Honor, may I call Mr. Rankin to the stand?

THE COURT: For the purpose of your motion, motion is denied.

SOL. WHITESIDES: I was listening to the questions he asked and the State would offer evidence that the question was whether or not anyone was now employed as a law enforcement officer or in any capacity of law enforcement and not whether they were employed at any time previously.

THE COURT: The Court overrules the motion, and for the purpose of the record, the statement was that the juror was employed at one time as a probation officer with one of the lower courts; that was the statement.

MR. GULLER: Yes, sir. Exception for the defendant."

It is not clear whether the question propounded by defendant's counsel related to the juror's present or past connections with "law enforcement." However, having served as a probation officer with a domestic relations court would not of itself make a juror incompetent.

We are of the opinion that the defendant's motion for a mistrial was addressed to the discretion of the trial judge. No abuse of discretion is asserted or shown. *State v. Sheffield*, 206 N.C. 374, 174 S.E. 105.

In the trial we find

No error.

BROCK and PARKER, JJ., concur.